UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LINDA HARDWICK, | ) | Civil Action No.: 4:05-2775-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.      **PROCEDURAL HISTORY**

This is an ERISA case in which Plaintiff seeks to recover continuing benefits under a group

long-term disability plan pursuant to 29 U.S.C.S. § 1132(a)(1)(B).  At this time this action was filed,

Plaintiff was represented by counsel.  However, on March 19, 2007, the undersigned entered an

Order (Document # 29) granting Plaintiff's counsel's Motion to Withdraw as Counsel and allowing

Plaintiff sixty days to obtain new counsel.  More than sixty days have past and no Notice of

Appearance has been filed on Plaintiff's behalf.  Thus, Plaintiff is proceeding pro se.

In the Order granting the Motion to Withdraw, the undersigned allowed Plaintiff sixty days

to respond to Defendant's Motion for Summary Judgment.  Furthermore, because Plaintiff is

proceeding pro se, she was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975),

that a failure to respond to Defendant's Motion for Summary Judgment could result in dismissal of

her Complaint.  More than sixty (60) days passed and Plaintiff did not file a response to the Motion

for Summary Judgment.  Therefore, on June 13, 2007, the undersigned issued another Order

(Document # 41) allowing Plaintiff ten additional days to respond to the Motion for Summary

Judgment. The Order specifically provided, "[i]f there is no response within ten (10) days of the date of this Order, it will be recommended that this case be dismissed for failure to prosecute." More than ten days have passed and Plaintiff has failed to file a response.

## II.   DISCUSSION

### A.   Rule 41(b) Dismissal

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to Defendant's Motion for Summary Judgment. The undersigned concludes the plaintiff has abandoned her lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

### B.   Motion for Summary Judgment (Document # 22)

In the alternative, it is recommended that Defendant's Motion for Summary Judgment

-2-

(Document # 22) be granted.

     1.    Factual History

In 2000, Plaintiff was employed by Hardwick's Bar & Restaurant Supplies, Inc. ("Employer") as a purchasing agent. Exhibit A[1] at 14. Hardwick's Bar & Restaurant Supplies, Inc. established and/or maintained short term and long term disability coverage with Provident Life and Accident Insurance Company ('Provident") as part of its ERISA governed employee welfare benefit plan. Id. at 1216-1281.

On June 19, 2000, Plaintiff filed a claim for short term disability (STD) benefits with Provident claiming she was disabled due to injuries to her back and shoulder resulting from a workplace injury. Id. at 1. On September 15, 2000, Provident received notice that Plaintiff intended to file a claim for long term disability (LTD) benefits rather than STD benefits. Id. at 19.

On November 29, 2000, Provident informed Plaintiff that it was paying her LTD benefits under a reservation of rights, pending the receipt of the necessary information to make a final claims determination. Id. at 51-52.

On April 25, 2001, Provident wrote Plaintiff informing her that it was continuing to pay her benefits under a reservation of rights in that it had not received the necessary information to make a final decision on the claim. Id. at 108-110.

On September 14, 2001, Provident wrote Plaintiff informing her that her claim was being approved, and that Plaintiff would be required to submit proof of continuing disability on an as needed basis to continue to receive benefits. Id. at 363-64.

On December 23, 2002, Provident wrote Plaintiff indicating that updated proof of continued

---

[1]Exhibit A is a copy of the administrative record of Plaintiff's claim.

disability needed to be submitted to Provident.  Id. at 714.  However, plaintiff never responded to this request.

On January 31, 2003, Provident again requested Plaintiff submit continued proof of disability, and informed her that, "please submit the completed forms to our office within 30 days from the date of this letter. Failure to submit this requested information will result in the suspension of your benefit check and possible closure of your claim." Id. at 715.  Again, Plaintiff failed to respond to Provident's request.

On March 7, 2003, Provident again wrote Plaintiff requesting updated continuing proof of disability, and informed Plaintiff that her benefits had been suspended, and that failure to respond within 20 days will result in her claim being closed.  Id. at 716-17.

On April 7, 2003, Provident denied Plaintiff's continuing claim for long term claim for long term disability benefits for failure to respond within the twenty days provided in the March 7, 2003, letter.  Id. at 720-21.

On May 20, 2003, Plaintiff appealed the denial of her claim and submitted additional medical information.  Id. at 732-33.  On August 28, 2003, Provident informed Plaintiff that her appeal was being denied.  Id. at 851-52.  Specifically, Provident noted that, "per your group policy, after two years of benefits, you will be Totally Disabled if you are unable to work in any occupation for which you are or may become suited by education, training or experience." Id.  Provident found that, based on her restrictions of no prolonged lifting, walking, pulling or pushing, no lifting over 5-10 pounds, and no sitting or standing for more than one hour at a time, Plaintiff was not precluded from performing sedentary level work that allowed her to change her position and stretch as needed for comfort.  Id.  Provident further noted that the Vocational Rehabilitation Department found several

gainful occupations that fell within Plaintiff's restrictions and limitations.  Id.

Plaintiff again appealed the denial of her claim.  On November 26, 2003, Provident informed Plaintiff that the denial of her claim was being upheld.  Id. at 1212-1214.  The letter provided that, following the denial of the first appeal,

> the requested treatment notes from Grand Strand Regional Medical were received. This additional information was submitted for medical review, the findings indicated the restrictions and limitations provided by Dr. Lapore and our initial reviewing physician ("no lifting over 10 pounds and no prolonged lifting, walking, pulling and pushing. Stand or sit for more than 1 hour at a time") continued to be supported. However, there was no support for restrictions and limitations due to the general medical conditions of diabetes and renal failure.

Id. at 1214.

### 2.  Summary Judgment Standard

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving

party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4ᵗʰ Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4ᵗʰ Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4ᵗʰ Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4ᵗʰ Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4ᵗʰ Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

　　　　3.　　Discussion

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  "When, however, a plan by its terms confers discretion on

a fiduciary and the fiduciary acts within the scope of conferred discretion, we defer to the fiduciary in accordance with well-settled principles of trust law: 'Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion.'" Booth v. Wal-mart Stores, Inc., 201 F.3d 335, 341 (4th Cir. 2000) (quoting Firestone, 489 U.S. at 111). "Thus, a trustee's discretionary decision will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." Id.

The Provident policy gives discretionary authority to Provident to determine both the eligibility for benefits and to interpret the terms and provisions of the plan. The plan states: "The Claims Fiduciary [Provident] shall have the sole and exclusive discretion and power to grant and/or deny any and all claims for benefits, and to construe any and all issues relating to eligibility for benefits." Exhibit A at 1259. "In cases where the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility or to construe the terms of the plan, the denial decision must be reviewed for abuse of discretion." Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232 (4th Cir. 1997).

In light of the language in Provident's policy, this court must review Provident's decision for an abuse of discretion. This standard is deferential, and the administrator's decision will not be disturbed if it is reasonable. Id. "Such a decision is reasonable if it is 'the result of a deliberate, principled reasoning process and it is supported by substantial evidence.'" Id. (quoting Brogan v. Holland, 105 F.3d 158, 161 (4th Cir. 1997).

A review of the record fails to reveal that Provident abused its discretion in determining that Plaintiff's restrictions and limitations did not preclude her from working in any occupation for which

she was or could have become suited by education, training or experience.  Thus, summary judgment is appropriate on this claim.

## III.     CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Complaint be dismissed for failure to prosecute.  In the alternative, it is recommended that Defendant's Motion for Summary Judgment (Document # 22) be granted and this case be dismissed.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 6, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**